77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jean M. VENTURA, Plaintiff-Appellant,
v.
Mitchell KRUGIELKI, Michigan State Trooper, Defendant-Appellee.
 No. 95-1201.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1996.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 In this interlocutory appeal, defendant Mitchell Krugielki appeals a district court's denial of his motion for summary judgment based on qualified immunity. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jean M. Ventura, a pro se Michigan resident, filed a complaint pursuant to 42 U.S.C. § 1983, alleging a violation of her civil rights as secured by the Constitution, including the First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. According to Ventura's amended complaint, on March 10, 1994, she and her husband were traveling on a public street in Hillsdale, Michigan, in a "five-door metal machine ... with a 4 cylinder internal combustion engine supplying the conveyance with power" ... which uses "four, inflated, steel-belted rubber tires." Defendant Krugielki, of the Michigan State Police, followed Ventura while she traveled in her conveyance. After about 30 seconds, defendant Krugielki stopped Ventura's conveyance. Shortly thereafter, Denise Rule, also of the Michigan State Police, arrived in a separate vehicle.
 
 
 4
 Ventura was then placed under arrest, handcuffed, and allegedly searched by Rule. The officers had no arrest warrant at the time. Defendant Krugielki caused Ventura's conveyance to be impounded because Ventura had no proof of registration. Following the arrest, Ventura requested to be taken immediately before a magistrate, but defendant Krugielki refused, telling Ventura that the prosecutor had said that the magistrate "would not take you today."
 
 
 5
 Defendant Krugielki drove Ventura to the State Police post, and Ventura's fingerprints and photograph were taken. Defendant Krugielki then took Ventura to the Hillsdale County Jail. Ventura claimed that she was processed at the jail by a deputy for the Hillsdale County Sheriff's Department, and that she was incarcerated for 18 hours without a warrant, commitment papers, or a valid complaint. She was released after the 18 hours.
 
 
 6
 Krugielki's motion for summary judgment was denied as to the Sixth and Eighth Causes of Action, which concern the impoundment of Ventura's conveyance and the delay in permitting Ventura to appear before a magistrate or judge. Krugielki filed a timely notice of appeal on February 14, 1995.
 
 
 7
 Initially, we note that this court has jurisdiction over this appeal because orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Qualified immunity is a question of law, which this court reviews de novo. Walton v. City of Southfield, 995 F.2d 1331, 1335 (6th Cir.1993). To the extent that an interlocutory appeal based upon qualified immunity raises issues beyond that issue, this court is not required to review them. Rich v. City of Mayfield Heights, 955 F.2d 1092, 1094 (6th Cir.1992); Huron Valley Hosp., Inc. v. City of Pontiac, 792 F.2d 563, 568 (6th Cir.), cert. denied, 479 U.S. 885 (1986).
 
 
 8
 The court reviews the denial of summary judgment for an abuse of discretion. Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. United States v. Winston, 37 F.3d 235, 239 (6th Cir.1994). " 'A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.' " Black Law Enforcement Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987) (quoting Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.), cert. dismissed, 469 U.S. 1200 (1985)).
 
 
 9
 Upon review, we conclude that the district court abused its discretion when it denied Krugielki's motion for summary judgment based on qualified immunity. Qualified immunity is an affirmative defense, available to government officials performing discretionary functions, which shields them from civil liability under § 1983 for allegedly unlawful conduct. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). When determining whether qualified immunity shields government officials from § 1983 civil rights liability, the court must initially determine whether a constitutional right has been violated, see Siegert v. Gilley, 500 U.S. 226, 232 (1991), and, if so, whether the right was clearly established at the time the constitutional violation occurred. See Harlow, 457 U.S. at 818. "For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Centanni v. Eight Unknown Officers, 15 F.3d 587, 588 (6th Cir.) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)), cert. denied, 114 S.Ct. 2740 (1994). The "right must be sufficiently particularized to put potential defendants on notice that their conduct probably is unlawful." Azeez v. Fairman, 795 F.2d 1296, 1301 (7th Cir.1986).
 
 
 10
 The district court denied summary judgment for Krugielki because Krugielki failed to explain why the delay in permitting Ventura to appear before the magistrate or judge was necessary, or at least not unreasonable. At the time in question, the law with respect to the detention issue raised in this case was established by the Supreme Court's opinion in Gerstein v. Pugh, 420 U.S. 103 (1975), in which the Court stated:
 
 
 11
 Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest.
 
 
 12
 420 U.S. at 124-25. The length of time which would satisfy the requirement that the probable cause determination be made "promptly after arrest" was clarified in County of Riverside v. McLaughlin, 500 U.S. 44, 55-57 (1991). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein.
 
 
 13
 In this case, it is undisputed that Ventura was detained for 18 hours prior to her arraignment. Under McLaughlin, when a plaintiff contests a detention that lasted under 48 hours she bears the burden of proving that "her probable cause determination was delayed unreasonably." McLaughlin, 500 U.S. at 56. The district court incorrectly placed the burden upon Krugielki to explain why the delay was necessary, or at least not unreasonable. Since the district court placed the burden of proving an unreasonable delay on the wrong party, we remand this case to the district court for reconsideration of this issue.
 
 
 14
 Accordingly, the district court's order denying Krugielki's motion for summary judgment on his claim for qualified immunity is vacated and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation